1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERRY W. BAKER,

11            Plaintiff,                    No. 2:10-cv-1811 KJN P

12        vs.

13   SGT. CAMERON, et al.,

14            Defendants.               <u>ORDER</u>

15   _____/

16            Plaintiff is a county jail inmate proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20            Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust

26   account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make

1

monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

2

1  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

3  as true the allegations of the complaint in question,  id., and construe the pleading in the light

4  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

5           Plaintiff alleges that the Solano County Jail fails to provide dental floss to jail

6  inmates, which leads to cavities and tooth decay, causing unnecessary pain and suffering.

7  Plaintiff also alleges that after signing up for dental care it takes 6 to 8 weeks to see a dentist who

8  will only fill one tooth per visit, and no pain medications are provided.  In addition to the Solano

9  County Jail, plaintiff names three officers as defendants.

10          First, this lawsuit is brought by plaintiff as a class action.  Plaintiff, however, is a

11  non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily

12  represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).

13  This rule becomes almost absolute when, as here, the putative class representative is incarcerated

14  and proceeding without counsel.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In

15  direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required

16  by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F.

17  Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and

18  instead will be construed as an individual civil suit brought by plaintiff.

19          Second, plaintiff has failed to articulate how each defendant allegedly violated

20  plaintiff's constitutional rights.  The Civil Rights Act under which this action was filed provides

21  as follows:

22          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
23          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
24          law, suit in equity, or other proper proceeding for redress.

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

1  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

3  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

4  omits to perform an act which he is legally required to do that causes the deprivation of which

5  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6         Moreover, supervisory personnel are generally not liable under § 1983 for the

7  actions of their employees under a theory of respondeat superior and, therefore, when a named

8  defendant holds a supervisorial position, the causal link between him and the claimed

9  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

10 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

11 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

12 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

13 Cir. 1982).

14        The court finds the allegations in plaintiff's complaint so vague and conclusory

15 that it is unable to determine whether the current action is frivolous or fails to state a claim for

16 relief.  The court has determined that the complaint does not contain a short and plain statement

17 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

18 policy, a complaint must give fair notice and state the elements of the claim plainly and

19 succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

20 allege with at least some degree of particularity overt acts which defendants engaged in that

21 support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

22 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

23 an amended complaint.

24        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

25 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

26 Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

4

1   how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

2   unless there is some affirmative link or connection between a defendant's actions and the

3   claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

4   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

5   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

6   268 (9th Cir. 1982).

7           In addition, plaintiff is hereby informed that the court cannot refer to a prior

8   pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

9   an amended complaint be complete in itself without reference to any prior pleading.  This

10  requirement exists because, as a general rule, an amended complaint supersedes the original

11  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

12  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

13  amended complaint, as in an original complaint, each claim and the involvement of each

14  defendant must be sufficiently alleged.

15          On July 28, 2010, plaintiff filed a motion to allow him to correspond with his co-

16  plaintiffs in this case.  However, as noted above, this action is not proceeding as a class action.

17  Accordingly, plaintiff's motion is now moot and will be denied.

18          In accordance with the above, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's request for leave to proceed in forma pauperis (dkt. no. 4) is granted.

20          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

21  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

22  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

23  Director of the California Department of Corrections and Rehabilitation filed concurrently

24  herewith.

25          3.  Plaintiff's complaint is dismissed.

26  ////

1           4.  Within thirty days from the date of this order, plaintiff shall complete the

2    attached Notice of Amendment and submit the following documents to the court:

3               a.  The completed Notice of Amendment; and

4               b.  An original and one copy of the Amended Complaint.

5    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

6    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

7    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

8    Failure to file an amended complaint in accordance with this order may result in the dismissal of

9    this action.

10          5.  Plaintiff's July 28, 2010 motion (dkt. no. 4) is denied.

11   DATED:   August 11, 2010

12

13

14

15   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

16   bake1811.14

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERRY W. BAKER,

11                Plaintiff,                    No. 2:10-cv-1811 KJN P

12          vs.

13   SGT. CAMERON, et al.,              NOTICE OF AMENDMENT

14                Defendants.

15   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____          Amended Complaint

19   DATED:

20

21                                       _____

22                                       Plaintiff

23

24

25

26

                                            7