1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERRY W. BAKER,

11              Plaintiff,              No. 2:10-cv-1811 KJN P

12        vs.

13   SGT. CAMERON, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a county jail inmate proceeding without counsel and in forma pauperis

17   with an action filed pursuant to 42 U.S.C. § 1983.  By order filed August 12, 2010, plaintiff's

18   complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an

19   amended complaint.

20          As plaintiff was previously advised, the court is required to screen complaints

21   brought by prisoners seeking relief against a governmental entity or officer or employee of a

22   governmental entity.  28 U.S.C. § 1915A(a); August 12, 2010 Order at 1.

23          Plaintiff alleges that "Solano County Jail employees" are violating his Eighth

24   Amendment rights by not providing adequate dental care and dental care products which caused

25   him to suffer "unnecessary pain from a gum infection for weeks."  (Am. Compl. at 3.)  Plaintiff

26   then provided a list of named defendants and claimed they "have all either responded to [his]

1

1    grievances or been made aware of my situation and did nothing to remedy it."  (Id.)

2          First, the allegation that named defendants "responded to grievances" does not

3    state a claim upon which relief may be granted against any defendant.  There is no constitutional

4    right to a prison or jail administrative appeal or grievance system in California.  See Ramirez v.

5    Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no

6    entitlement to a specific grievance procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

7    1988); Cal.Code Regs. tit. 15, §§ 3084.1, 3084.1(d).  Responding to an inmate grievance does

8    not provide a basis for liability.

9          Second, as plaintiff was previously informed, plaintiff must allege how each

10   defendant allegedly violated plaintiff's constitutional rights.  (August 12, 2010 Order at 3.)

11   Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's[1]

12   proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 102-04

13   (1976).  Serious medical needs may include dental care needs.  See Hunt v. Dental Dep't, 865

14   F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates).  To prove that the

15   response of prison officials to a prisoner's medical needs was constitutionally deficient, the

16   prisoner must establish:  1) a serious medical need, and 2) deliberate indifference to that need by

17   prison officials.  See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on

18   other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en

19   banc).

20          A prison official does not act in a deliberately indifferent manner unless the

21   official "knows of and disregards an excessive risk to inmate health or safety."  Farmer v.

22   Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be shown when an official

23

24       [1]  It is not clear whether plaintiff was a convicted prisoner or was a pre-trial detainee
     awaiting his criminal trial when the events in his complaint took place.  While the Eighth
25   Amendment's prohibition against cruel and unusual punishment only protects convicted
     prisoners, Bell v. Wolfish, 441 U.S. 520, 535 (1979), the rights of pre-trial detainees under the
     Due Process Clause are analyzed using the same standards as the rights of convicted prisoners
26   under the Eighth Amendment, Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

denies, delays, or intentionally interferes with treatment or by the way that a medical professional provides care.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Where a prisoner is alleging a delay in receiving medical or dental treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).  Mere negligence is insufficient for Eighth Amendment liability.  Frost, 152 F.3d at 1128.

In the amended complaint, plaintiff has failed to allege facts that demonstrate each defendant was deliberately indifferent to his serious medical needs.  See Hunt, 865 F.2d at 200 (explaining that prisoners can establish an Eighth Amendment violation with respect to dental care if they can prove there has been deliberate indifference to their serious dental needs).  The grievances appended to plaintiff's complaint state that plaintiff "requested to see dental in April and was not seen until July 20th."  (Am. Compl. at 5-7; 9.)  It is not sufficient to allege that a defendant knew plaintiff wanted dental care and did nothing.  Plaintiff must demonstrate that the named defendant had a culpable state of mind; that is, the defendant was aware of the facts from which an inference could be drawn that a substantial risk of serious harm existed, and that the named defendant also drew that inference.  Farmer, 511 U.S. at 837.  Moreover, even if defendants were directly responsible for delaying the receipt of plaintiff's dental care, plaintiff has failed to allege sufficient facts that the delay in receiving dental care caused him further significant harm.  Delay alone does not state a claim for deliberate indifference.  Hunt, 865 F.2d at 200; Shapely, 766 F.2d at 407.

Third, plaintiff has named Solano County as one of the defendants.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, Solano County has not consented to suit.  Accordingly, plaintiff's claims against Solano County

1   are frivolous and must be dismissed.

2   　　　　Finally, plaintiff seeks a court order requiring the Solano County Jail to "provide

3   all inmates with adequate dental care." (Am. Compl. at 3.) Plaintiff is reminded that this action

4   is not proceeding as a class action. (August 12, 2010 at 3.) Plaintiff may only seek relief on his

5   own behalf.

6   　　　　The court finds the allegations in plaintiff's amended complaint so vague and

7   conclusory that it is unable to determine whether the current action is frivolous or fails to state a

8   claim for relief. The court has determined that the amended complaint does not contain a short

9   and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal

10  Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of

11  the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

12  Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which

13  defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply

14  with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The

15  court will, however, grant leave to file a second amended complaint.

16  　　　　If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

17  how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

18  rights, and allege in specific terms how each named defendant is involved. There can be no

19  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

20  defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Plaintiff

21  must show that the named defendants knew of and disregarded a serious risk to his health and

22  deprived him of the "minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834.

23  Plaintiff should refrain from including Solano County as a named defendant in any second

24  amended complaint.

25  　　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in

26  order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an

4

amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1.  Plaintiff's amended complaint is dismissed; and

   2.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

     a.  The completed Notice of Amendment; and

     b.  An original and one copy of the Second Amended Complaint. Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  September 23, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bake1811.14b

1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6            FOR THE EASTERN DISTRICT OF CALIFORNIA

7   JERRY W. BAKER,

8              Plaintiff,                    No. 2:10-cv-1811 KJN P

9       vs.

10  SGT. CAMERON, et al.,                    <u>NOTICE OF AMENDMENT</u>

11             Defendants.

12  _____/

13            Plaintiff hereby submits the following document in compliance with the court's

14  order filed _____:

15            _____          Second Amended Complaint

16  DATED:

17

18                                      _____

19                                      Plaintiff

20

21

22

23

24

25

26