IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

      Plaintiff,                  No. 2:10-cv-1811 KJN P

    vs.

C/O J. SMITH, et al.,

      Defendants.          ORDER

                             /

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  Various motions are pending, which the court addresses seriatim.

        First, plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

1

Second, on March 9, 2011, plaintiff filed a document styled, "Request [for] Court to Order Defendants to Produce Documents." (Dkt. No. 23.) In this court's February 11, 2011 discovery order, plaintiff was advised that discovery requests should not be filed with the court unless required by Local Rules 250.1, 250.2, 250.3 and 250.4. (Dkt. No. 27 at 5.) Plaintiff's request is premature and is denied.

Third, on March 9, 2011, plaintiff appended a copy of a letter he wrote to counsel for defendants. (Dkt. No. 21 at 3.) In this letter, plaintiff states:

> I need you to more thoroughly break down your request due to I am having difficulty understanding your questions/requests and statements. I'm not a lawyer you must be more clear if you want me to cooperate.

(Id.)

Plaintiff also filed this request in Case No. 2:10-cv-1208 FCD KJN P, in which a motion to compel discovery responses was pending.[1] In the instant action, it is unclear whether defendants have propounded discovery or not. However, plaintiff is advised that counsel for defendants is not required to "break down" discovery requests. Plaintiff must answer and respond to discovery requests to the best of his ability. Moreover, plaintiff is cautioned that failure to cooperate in discovery can result in the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure. Such sanctions may include a recommendation that this action be dismissed based on plaintiff's failure to cooperate in the discovery process.

Finally, on March 9, 2011, plaintiff filed a motion for extension of time to prepare for his March 17, 2011 deposition. (Dkt. No. 22.) Plaintiff asks for an additional thirty days because he is "in prison and things move slow in here and [he] need[s] time to get ready." (Id.) On March 11, 2011, defendants filed an opposition. Defendants argue that plaintiff was provided fourteen days' notice as required by the court's scheduling order. Defendants further contend

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

that plaintiff is not required to produce any documents at the deposition, this case involves only one claim, and "the deposition should be very short." (Dkt. No. 24 at 2.)

Plaintiff has failed to demonstrate good cause for continuing the deposition. Accordingly, plaintiff's motion for extension of time is denied. The March 17, 2011 deposition shall proceed as noticed. Plaintiff is cautioned that failure to appear for or cooperate in the March 17, 2011 deposition may result in a recommendation that this action be dismissed as a sanction for failing to cooperate in the discovery process. Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 9, 2011 motion to appoint counsel (dkt. no. 21) is denied.

2. Plaintiff's March 9, 2011 request (dkt. no. 22) is denied without prejudice. The March 17, 2011 deposition of plaintiff shall proceed as noticed.

3. Plaintiff's March 9, 2011 motion for production of documents (dkt. no. 23) is denied.

4. The Clerk of the Court is directed to serve this Order on plaintiff by overnight mail.

DATED: March 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bake1811.dep

3