1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JERRY W. BAKER,

11              Plaintiff,                    No. 2:10-cv-1811 KJN P

12        vs.

13    SOLANO COUNTY, et al.,

14              Defendants.              <u>ORDER</u>

15    _____/

16              Plaintiff is a state prisoner proceeding without counsel, with a civil rights action

17    pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's third amended complaint

18    in which plaintiff challenges the dental care he received while incarcerated in the Solano County

19    Jail.  (Dkt. No. 12.)  On May 2, 2011, plaintiff filed a motion to compel defendants to produce all

20    documents requested.  (Dkt. No. 27.)  Plaintiff contends he needs all medical and dental

21    grievances filed while he was in the custody of the Solano County Jail, as well as all the other

22    documents he requested, to prepare the instant case.

23              On May 13, 2011, defendants filed an opposition.  First, defendants note that

24    plaintiff's discovery request was improper because it was not directed to any particular defendant

25    and was not sufficiently particularized.  (Dkt. No. 30 at 2.)  Defendants object that by his motion

26    to compel, plaintiff is attempting to obtain all documents relevant to various cases he has filed

1

against the Solano County Jail and its staff.  In addition, defendants contend plaintiff's motion is procedurally improper because plaintiff failed to provide points and authorities, or the discovery requests and responses.  Substantively, defendants contend that they have produced all grievances in which plaintiff challenged the dental care provided while plaintiff was held at the Solano County Jail, and that if second level responses were not provided, it means no second level appeal was sought by plaintiff.  As to plaintiff's request for plaintiff's entire medical and dental file from the Solano County Jail, defendants have produced plaintiff's dental records from plaintiff's incarceration in 2010.  Defendants also produced a copy of the jail's dental policies and procedures for 2010 in response to plaintiff's third and fourth category of requests.  In plaintiff's fifth category, plaintiff sought a list of names of all dentists who had seen plaintiff; however, defendants aver no such list exists.  In response, defendants referred plaintiff to the dental records produced.  In plaintiff's last request, plaintiff sought "all plaintiff's legal mail out receipts and his correspondence with Sheriff Stanton, Internal Affairs, Lt. Marsh and the Board of Supervisors."  (Dkt. No. 30 at 3.)  Despite defendants' objections, defendants contend they produced all documents fitting that category.

In reply, plaintiff simply states he needs these documents to "prepare" his case, and reminds the court that he is not a lawyer.  (Dkt. No. 33.)  Plaintiff contends he needs a copy of all grievances to prove a pattern of "uniform" responses by the defendants.  (Id.)

This court finds plaintiff's motion to compel insufficient.  Despite this court's February 11, 2011 order, plaintiff's motion fails to comply with this court's Local Rules and the Federal Rules of Civil Procedure.  (Dkt. No. 20 at 6.)  Plaintiff was sent a copy of the Local Rules with the court's November 10, 2010 service order.  (Dkt. No. 15.)  But even assuming, arguendo, the court considers the substantive portions of plaintiff's motion, defendants' discovery responses were appropriate.  Indeed, given the general nature of plaintiff's discovery request, defendants made a good faith effort to provide plaintiff with the discovery plaintiff is entitled to based upon plaintiff's claims in this action.  With regard to plaintiff's request for

1    second level appeals, plaintiff is advised that defendants are not required to produce documents

2    that do not exist.  Plaintiff has failed to demonstrate that defendants have withheld relevant

3    discovery.

4                    Moreover, plaintiff is advised that his pro se status does not relieve him of his

5    obligation to comply with court orders or procedural rules.  Local Rule 183(a) provides, in part:

6                    Any individual representing himself or herself without an attorney
                     is bound by the Federal Rules of Civil or Criminal Procedure, these
7                    Rules, and all other applicable law.  All obligations placed on
                     "counsel" by these Rules apply to individuals appearing in propria
8                    persona.  Failure to comply therewith may be ground for dismissal
                     or any other sanction appropriate under these Rules.

9

10   Id.  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ( "Pro se litigants must follow the

11   same rules of procedure that govern other litigants.").

12                   Plaintiff did not request expenses or sanctions in his motion to compel; thus, no

13   order is issued in connection therewith.

14                   On May 9, 2011, defendants filed a motion to compel discovery responses from

15   plaintiff.  (Dkt. No. 28.)  Defendants contend plaintiff has completely failed to respond to their

16   discovery requests and therefore seek a court order requiring plaintiff to provide the discovery

17   responses and to pay defendants the sum of $627.00 as reasonable costs and attorneys' fees

18   incurred in bringing this motion.  On May 16, 2011, plaintiff filed a response.  Plaintiff contends

19   that he and "Mr. Calica already responded" to defendants' discovery requests, and placed them in

20   the custody of a CDCR employee for mailing on April 7, 2011.  Plaintiff states he "would like to

21   suggest to the court that [he] mail the requested documents directly to the court & let the court

22   give the defendants the requested info to ensure the documents are received."  (Dkt. No. 31.)

23                   In reply, defendants point out the contradictions between plaintiff's filings in the

24   instant case with those plaintiff has filed in his other case, 2:10-cv-1208 FCD KJN P.  In both

25   cases, plaintiff initially contended he gave his discovery responses to "Mr. Calica" to mail on

26   April 7, 2011, and provided a procedurally defective proof of service to that effect.  Plaintiff then

                                                         3

1  asserted he was trying to get a copy of the mail log for Mr. Calica, but was unable to because Mr.

2  Calica was allegedly transferred to a different prison.  (Id., Dkt. No. 56.)  Plaintiff now asserts, in

3  contradiction to the proof of service filed in 2:10-cv-1208 FCD KJN P, that he and Mr. Calica

4  gave them to a CDCR employee for mailing on April 7, 2011.

5         Defendants have provided a declaration of the San Quentin litigation coordinator,

6  Lt. Rudy Luna, who declares that while there was an inmate Arthur Calica at San Quentin, Mr.

7  Calica paroled in February of 2011.  (Id., Dkt. No. 58-3.)  Lt. Luna also confirmed that Mr.

8  Calica did not visit plaintiff, even on April 7, 2011.  (Id.)  Moreover, because Mr. Calica is a

9  convicted felon, he would have committed a felony by coming onto prison grounds without prior

10  written approval of the warden or prison superintendent.

11         Defendants renew their request for sanctions based on plaintiff's complete failure

12  to respond to their discovery requests.

13         First, plaintiff has failed to demonstrate, with probative evidence, that he provided

14  any discovery responses to the discovery requests at issue here.  For example, plaintiff could

15  have provided the court copies of the discovery responses he alleges he (or someone else) gave to

16  prison officials for mailing.  Second, plaintiff has failed to provide a proper proof of service,

17  signed under penalty of perjury, attesting to service of the discovery responses on April 7, 2011.

18  Third, plaintiff has provided contradictory information about how the alleged service was made,

19  and defendants have provided probative evidence that plaintiff may have misled the court

20  concerning how the alleged discovery responses were turned over to prison officials for mailing.[1]

21         In any event, defendants still do not have their discovery responses.  The court is

22  aware that mail can get lost.  However, litigants are required to cooperate in the discovery

23  

24  ───────────────
       [1]  The court notes that on May 24, 2011, plaintiff filed a response to Lt. Luna's
   declaration, claiming that although Mr. Calica may have paroled in February 2011, it doesn't
25  mean Mr. Calica did not come back.  Plaintiff contends Mr. Calica was plaintiff's cellmate on
   April 7, 2011.  Ostensibly, plaintiff is suggesting Mr. Calica may have suffered a parole
   violation, despite Lt. Luna's declaration that Mr. Calica was not in San Quentin on April 7, 2011.
26  However, plaintiff's filing is not signed under penalty of perjury.

1    process, which means if a party does not receive a document filed by the responding party, the

2    responding party is required to provide another copy, particularly where the litigant has no other

3    avenue through which to obtain the document.  Plaintiff was the beneficiary of this in Case No.

4    2:10-cv-1208 FCD KJN P.  When plaintiff averred he had not received defendants' discovery

5    requests, the court granted plaintiff an extension of time in which to provide plaintiff's

6    responses.[2]  Plaintiff must extend the same courtesy to defendants.  Moreover, this court does not

7    intend to serve as the conduit for plaintiff's discovery responses when or if there is a quarrel

8    about receipt of responses.  Plaintiff is cautioned that failure to cooperate in the discovery

9    process may result in the imposition of sanctions, including a recommendation that this action be

10   dismissed.

11           Therefore, defendants' motion to compel is partially granted.  Plaintiff, personally,

12   shall serve on counsel for defendants, within fourteen days, a copy of the discovery responses

13   plaintiff allegedly served on April 7, 2011, by hand-delivering it to the appropriate prison official

14   for placing it in the U.S. Mail.  Plaintiff shall include a proof of service, properly completed, and

15   signed by plaintiff under penalty of perjury.  Plaintiff shall file a copy of the completed and

16   signed proof of service attesting to such service with the court, placing it in the hands of prison

17   officials for mailing on the same day plaintiff serves the discovery responses on counsel for

18   defendants.  Plaintiff is advised that failure to timely comply with this order shall result in a

19   recommendation that this action be dismissed based on plaintiff's failure to cooperate in the

20   discovery process.  After the fourteen day period expires, the court will address defendants'

21   request for expenses.

22           On May 24, 2011, plaintiff filed a motion to compel production of documents.

23   (Dkt. No. 34.)  However, this motion does not comply with this court's local rules or the Federal

24   Rules of Civil Procedure, and appears duplicative of the May 2, 2011 motion resolved above.

25   ─────────────────────

26          [2]  Because defendants' counsel had appended the discovery requests to the motion,
     defendants were not required to send plaintiff a third copy.

1   Thus, plaintiff's May 24, 2011 motion is denied.

2              Accordingly, IT IS HEREBY ORDERED that:

3              1.  Plaintiff's May 2, 2011 motion to compel production of documents (dkt. no.

4   27) is denied;

5              2.  Defendants' May 9, 2011 motion to compel plaintiff to provide discovery

6   responses (dkt. no. 28) is partially granted; within fourteen days from the date of this order,

7   plaintiff, personally, shall serve on counsel for defendants a copy of the discovery responses

8   plaintiff allegedly served on April 7, 2011, by hand-delivering it to the appropriate prison official

9   for placing it in the U.S. Mail.  Plaintiff shall include a proof of service, properly completed, and

10  signed by plaintiff under penalty of perjury.  Plaintiff shall file a copy of the completed and

11  signed proof of service attesting to said service with the court, placing it in the hands of prison

12  officials for mailing on the same day plaintiff serves the discovery responses on counsel for

13  defendants.  Failure to timely comply with this order will result in a recommendation that this

14  action be dismissed based on plaintiff's failure to cooperate in the discovery process;

15             3.  After the expiration of the fourteen day period, the court will address

16  defendants' motion for expenses; and

17             4.  Plaintiff's May 24, 2011 motion to compel production of documents (dkt. no.

18  34) is denied.

19  DATED:  May 31, 2011

20

21

22  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

23  bake1811.mtc

24

25

26