IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

        Plaintiff,                      No. 2:10-cv-1811 KJN P

    vs.

SOLANO COUNTY, et al.,

        Defendants.               <u>ORDER</u>

        Plaintiff is a state prisoner proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's third amended complaint in which plaintiff challenges the dental care he received while incarcerated in the Solano County Jail. (Dkt. No. 12.) This order addresses plaintiff's alleged failure to comply with the court's May 31, 2011 order, defendants' prior request for expenses, and the parties renewed requests for sanctions.

I. <u>Alleged Failure to Comply with May 31, 2011 Order</u>

        By order filed May 31, 2011, defendants' motion to compel discovery responses was granted, and plaintiff was directed to serve his responses on counsel for defendants within 14 days. (Dkt. No. 36.) On June 9, 2011, defendants filed a reply, arguing that plaintiff's discovery responses are incomplete, unsigned and undated, are without any substance, and provide no more

1

than was available in the complaint, and no documents were appended, despite reference to attached documents. On June 17, 2011, plaintiff filed a response claiming:

> First, my proof of service was signed & dated & I stated that I was sending the requested discovery that the defendants requested so who else answered their questions? If it's still unclear, I Jerry W. Baker, responded to the discovery I sent to Williams & Associates for Case #2:10-cv-01811-KJN.

(Dkt. No. 39 at 1.) Plaintiff claims he answered all the questions to the best of his knowledge and ability, and again states he is not a lawyer. (Id.)

First, plaintiff is reminded that his pro se status does not relieve him of his obligation to comply with court orders or procedural rules. Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal or any other sanction appropriate under these Rules.

Id. See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). This action has been pending for over a year, and plaintiff is responsible for prosecuting his own action.

Second, defendants are correct that discovery responses must be signed and dated. The fact that plaintiff's accompanying certificate of service is signed and dated is of no consequence. Plaintiff is warned that failure to sign and date any discovery response in the future will result in a recommendation that this action be dismissed based on plaintiff's failure to comply with the Federal Rules of Civil Procedure.

Third, defendants are also correct that many of plaintiff's responses are lacking in substance. Plaintiff is reminded that the purpose of discovery is to allow defendants to obtain the evidence plaintiff has to support plaintiff's allegations. Plaintiff is again admonished that failure to cooperate in the discovery process may result in the imposition of sanctions, including a recommendation that this action be dismissed. It appears that plaintiff is well aware of this

possible sanction inasmuch as defendants' motion to dismiss plaintiff's action in <u>Baker v. Solano County Jail</u>, 2:08-cv-0404 AK (E.D. Cal.), was granted based on plaintiff's failure to appear at two scheduled depositions, failure to respond to written discovery, and plaintiff's failure to respond to the court's order imposing monetary sanctions. (<u>Id.</u>, April 1, 2011 Order.) Plaintiff is warned that he must provide appropriate discovery responses; plaintiff may not rely on his pro se status to avoid disclosing evidence supporting his claims, or to avoid responding appropriately to defendants' discovery requests.

Defendants have narrowed the requests for which they seek responses. (Dkt. No. 38 at 2 n.2.) Plaintiff will be required to provide supplemental responses. First, plaintiff is advised that interrogatories are questions to which plaintiff must provide a written answer. Plaintiff may not refer to documents or to his complaint. Plaintiff must answer the question. If plaintiff does not know the answer, but has reason to believe he could find the answer, he must make an effort to obtain the answer. Second, requests for production of documents require plaintiff to produce the document or documents that responds to the request. Plaintiff may not simply refer to an attached document and then fail to provide the document to defendants' counsel. Plaintiff may not direct defendant to go get the document or call someone.

Moreover, as noted above, plaintiff must sign and date his responses to discovery requests. Within twenty-one days from the date of this order, plaintiff shall provide supplemental responses for the following discovery requests, organized by defendant:

<u>Defendant Cullison</u>

Plaintiff responded "unclear?" to Request for Admission No. 5: Sgt. Cullison did not cause you any physical harm. (Dkt. No. 38 at 2.) Plaintiff is advised that defendant is asking whether plaintiff claims that defendant Cullison caused plaintiff any physical harm. Plaintiff shall provide a supplemental response to Request for Admission No. 5.

Plaintiff shall provide supplemental responses to Interrogatory Nos. 1 - 7. Plaintiff must answer the questions and not simply refer to documents or to the complaint.

1    Plaintiff shall provide supplemental responses to Request for Production of
2 Documents Nos. 2-7.  Plaintiff shall serve the documents responsive to each request on counsel
3 for defendants, and make clear which document responds to which request.

4    Defendant Stanton

5    It appears from plaintiff's responses to Interrogatory Nos. 1, 2, 11 & 12, that
6 plaintiff did not retain copies of any letters he allegedly wrote to defendant Stanton.  Plaintiff is
7 cautioned that defendants are not required to perform plaintiff's discovery for plaintiff.  Plaintiff
8 must produce evidence to support his claims; otherwise, plaintiff risks dismissal of his
9 complaint.

10   Plaintiff shall provide supplemental responses to Interrogatory Nos. 3-5, 7-10 to
11 which plaintiff responded "unclear."  Plaintiff is advised that "unclear" is not an appropriate
12 response.  Plaintiff may seek the assistance of other inmates, a jail house lawyer, or the law
13 librarian, if he does not understand the question.  The discovery questions seek information or
14 evidence plaintiff has that supports his claims in this action.  Plaintiff must provide this
15 information to defendants.  If plaintiff does not have evidence to support the allegations set forth
16 in his complaint, plaintiff risks dismissal of this case.

17   Plaintiff shall provide supplemental responses to Request for Production of
18 Documents Nos. 1-12. Plaintiff must produce any documents plaintiff claims supports plaintiff's
19 allegations against defendant Stanton.

20   Defendant Cameron

21   Plaintiff shall provide supplemental responses to Interrogatory Nos. 1-11.

22   Plaintiff shall provide supplemental responses to Request for Production of
23 Documents Nos. 1-11.

24   Defendant Marsh

25   Plaintiff shall provide supplemental responses to Interrogatory Nos. 1-8.

26   Plaintiff shall provide supplemental responses to Request for Production of

4

1 Documents Nos. 1-8.

2          As noted above, plaintiff shall provide these supplemental responses within twenty-one days from the date of this order. Plaintiff shall sign and date the supplemental responses. Plaintiff shall also provide a proof of service, properly completed, and signed by plaintiff under penalty of perjury. Plaintiff is advised that failure to timely comply with this order shall result in a recommendation that this action be dismissed based on plaintiff's failure to cooperate in the discovery process.

II. Expenses and Sanctions

         The court now turns to plaintiff's request for sanctions and defendants' request for expenses and sanctions.

         In his response to defendants' reply, plaintiff seeks sanctions based on the defendants allegedly wasting plaintiff's "time and the court's time with this frivolous motion." (Dkt. No. 39 at 2.) Plaintiff is advised that defendants' motion is not frivolous. Rather, it is plaintiff who has unduly delayed defendants' receipt of discovery herein. Plaintiff's motion for sanctions is frivolous and is denied.

         In the May 9, 2011, defendants sought $627.00 as reasonable costs and attorneys' fees incurred in connection with the preparation of the motion. (Dkt. No. 28.) The May 9 motion was based on plaintiff's complete failure to provide discovery responses. Once plaintiff's responses were provided, defendants sought additional sanctions in the amount of $570.00 based on the three hours defendants' counsel spent reviewing plaintiff's responses to the discovery requests. Plaintiff claims he responded to the best of his ability to the discovery responses. However, many of plaintiff's answers suggest plaintiff is relying on defendants to obtain discovery for plaintiff. "Legal mail out records at the Solano County Jail would provide I communicated with Stanton several times." (Dkt. No. 38-3 at 8.) "Check my dental file and call the dentist who treated me." (Dkt. No. 38-3 at 10.) "The defendants must provide documents I have requested before I will be able to comply so go tell your clients to get on it." (Dkt. No. 38-3

5

at 16.) In response to defendant's request that plaintiff produce any document supporting plaintiff's claim that plaintiff was diagnosed with a gum infection due to a lack of dental floss, plaintiff responded: "Waiting for defendants to send my medical/dental records/discovery." (Dkt. No 38-4 at 15.) It is plaintiff's responsibility to prosecute his own action and to procure evidence supporting his allegations.[1]

Federal Rule of Civil Procedure 37(a)(5) provides that if the motion to compel discovery is granted the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless, inter alia, the opposing party's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust. Id. Federal Rule of Civil Procedure 37(b)(2) permits this court to order sanctions based on plaintiff's failure to comply with a court order. Id. These sanctions may include, inter alia, striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(i) - (vii).

Defendants argue that the nature of the discovery responses provided by plaintiff confirm that plaintiff did not initially send the discovery responses, but hastily threw them together in response to the court's order requiring plaintiff to respond. However, as defendants concede, the fact that plaintiff failed to sign the discovery responses makes it difficult for the court to definitively conclude that plaintiff did not initially respond. Accordingly, defendants' initial motion for expenses is denied.

However, based on plaintiff's failure to appropriately respond to the discovery requests, as noted above, supports an order for expenses. The court finds that defendants are entitled to payment in the amount of $570.00 for counsel's expenses in reviewing the deficient responses.

---

[1] Indeed, by signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations. Fed. R. Civ. P. 11.

Moreover, the court notes that plaintiff has a history of failing to abide by this court's orders and rules. To date, plaintiff has filed ten separate civil rights actions against the Solano County Jail and/or its employees in this district.[2] As noted above, at least one of plaintiff's cases has been dismissed based on plaintiff's failure to cooperate in the discovery process. 2:08-cv-0404 AK. Four other cases were dismissed based on plaintiff's failure to follow court orders or to follow court rules: 2:08-cv-0111 GEB KJM and 2:08-cv-0702 LKK DAD (failure to keep the court apprised of current address); 2:10-cv-1585 FCD KJM (failure to file an amended complaint); and 2:08-cv-1586 LKK EFB (failure to pay the filing fee or submit an application to proceed in forma pauperis).

In light of plaintiff's litigation history and the delay in receiving discovery responses incurred by defendants in this action, the court stays the August 19, 2011 deadline for filing dispositive motions. Fed. R. Civ. P. 37(b)(2)(A)(iv). The court will reset this deadline, if appropriate, following resolution of the instant discovery dispute. Plaintiff is cautioned that his failure to timely provide signed and dated discovery responses will result in a recommendation that this action be dismissed based on plaintiff's failure to cooperate in the discovery process. Fed. R. Civ. P. 37(b)(2).

At the same time plaintiff serves the signed and dated discovery responses on defendants' counsel, plaintiff shall file a declaration with the court attesting to service of the supplemental responses on counsel. Defendants shall have thirty days thereafter to raise any objection to the responses provided.

---

[2] Baker Solano County Jail, 2:08-cv-0111 GEB KJM; Baker v. Solano County Jail, 2:08-cv-0404 AK P; Baker v. Solano County Jail, 2:08-cv-0702 LKK DAD P; Baker v. Solano County Jail, 2:08-cv-1034 BHS P; Baker v. Solano County Jail, 2:10-cv-0985 JAM KJM P; Baker v. Solano County Jail, 2:10-cv-1208 FCD KJN P; Baker v. Marsh, 2:10-cv-1585 FCD KJM P; Baker v. Marsh, 2:10-cv-1586 LKK EFB P; Baker v. Cameron, 2:10-cv-1811 KJN P; and Baker v. Todd, 2:10-cv-1827 EFB P. A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff failed to comply with this court's May 31, 2011 order requiring timely discovery responses;

2. Within twenty-one days from the date of this order, plaintiff shall provide supplemental discovery responses, signed and dated, as set forth at pages 3 - 5 above;

3. At the same time plaintiff serves the signed and dated supplemental discovery responses on defendants' counsel, plaintiff shall file a declaration with the court attesting to service of the supplemental responses on counsel. Defendants shall have thirty days thereafter to raise any objection to the responses provided;

4. The August 19, 2011 dispositive motions deadline is stayed;

5. Plaintiff's motion for sanctions (dkt. no. 39.) is denied;

6. Defendants' May 9, 2011 motion for expenses (dkt. no. 28) is denied;

7. Defendants' June 9, 2011 motion for expenses (dkt. no. 38) is granted; and

8. Plaintiff shall pay defendants' expenses in the amount of $570.00.

DATED: July 25, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bake1811.mtc2

8