1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JERRY W. BAKER,

11          Plaintiff,                      No. 2:10-cv-1811 KJM KJN P

12    vs.

13    SOLANO COUNTY, et al.,

14          Defendants.                ORDER

15    _____/

16          Plaintiff is a state prisoner proceeding without counsel.  On December 5, 2011,

17    defendants filed a motion for summary judgment.  Plaintiff failed to timely file an opposition to

18    the motion, and on January 12, 2012, plaintiff was directed to file an opposition within thirty

19    days, and that failure to file an opposition would be deemed as consent to have the pending

20    motion granted.  On January 25, 2012, plaintiff filed a one page document styled, "Motion to

21    Oppose Summary Judgment Request Case Docket."  (Dkt. No. 55.)  Plaintiff claims:

22    (1) he has not lived at 993 Fallsgrove Way since October or early November; (2) he was arrested

23    on December 9, [2011], and informed the court of his change of address on or about December

24    14, 2011; (3) he does "oppose the defendants' motion for summary judgment" and wants a trial

25    based on the complaint; and (4) requests a copy of the docket sheet and all motions filed from

26    November 2011, to January 1, 2012.  (Id.)

1

1        On January 27, 2012, defendants filed a reply.  Defendants point out that the

2   docket does not reflect a notice of change of address from the Falls Grove address.  Defendants

3   argue that plaintiff ignores the requirements of Rule 56 regarding an opposition to a summary

4   judgment motion because he failed to provide any evidence, failed to comply with Local Rule

5   260(b), and his opposition consists of one unverified sentence.  Defendants also note that

6   plaintiff essentially filed the same opposition here as he did in opposition to the motion for

7   summary judgment filed in Baker v. Smith, 2:12-cv-1208 GEB KJN P, which "repetition of this

8   type of opposition is an affront both to the court and to the defendants."  (Dkt. No. 56 at 2.)

9        Although plaintiff's allegations are held to "less stringent standards than formal

10   pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff

11   is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the

12   Eastern District of California.  See McNeil v. United States, 508 U.S. 106, 113 (1993)

13   (procedural requirements apply to all litigants, including prisoners lacking access to counsel);

14   L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the

15   Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").  On

16   November 10, 2010, plaintiff was advised of the requirements for opposing a motion for

17   summary judgment. (Dkt. No. 15 at 4.)  In attempting to establish the existence of a factual

18   dispute to defeat a summary judgment motion, the opposing party may not rely upon the

19   allegations or denials of its pleadings, but is required to tender evidence of specific facts in the

20   form of affidavits, and/or admissible discovery material in support of its contention that the

21   dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

22   U.S. 574, 586 n.11 (1986).

23        Plaintiff's filings in this action are comparable to those filed in Case No. 2:12-cv-

24   1208, in that defendants had difficulty obtaining discovery responses from plaintiff, and both

25   oppositions to motions for summary judgment were unverified and failed to comply with the

26   Federal Rules of Civil Procedure and the Local Rules of the Eastern District.

1    However, the procedural posture of this case differs from the posture of Case No.

2    2:12-cv-1208, because in the latter case, the motion was fully briefed prior to plaintiff's re-arrest.

3    Here, it appears plaintiff was arrested shortly after the filing of the motion for summary

4    judgment.  While that situation does not excuse plaintiff's failure to comply with the Federal

5    Rules of Civil Procedure and this court's Local Rules, the court will order the Clerk of Court to

6    send plaintiff a copy of the motion and allow plaintiff one final opportunity to file an opposition.

7    Plaintiff is cautioned, however, that no further extensions of time will be granted.

8    Accordingly, IT IS HEREBY ORDERED that:

9    1.  The Clerk of the Court is directed to send plaintiff a copy of defendants'

10    December 5, 2011 motion for summary judgment (dkt. no. 52); and

11    2.  On or before June 11, 2012, plaintiff shall file an opposition to defendants'

12    motion for summary judgment that complies with the Federal Rules of Civil Procedure and the

13    Local Rules of the Eastern District.  Failure to file an opposition consistent with this order will be

14    deemed as consent to have the (a) pending motion granted; (b) action dismissed for lack of

15    prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a

16    court order, as more specifically set forth in the January 12, 2012 order.

17    DATED:  May 10, 2012

18

19    _____

20    KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

21    bake1811.eot

22

23

24

25

26

3