IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

        Plaintiff,                  No. 2:10-cv-1811 KJM KJN P

   vs.

SOLANO COUNTY, et al.,

        Defendants.         ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On September 30, 2012, the district court remanded this case for re-service of defendants' motion for summary judgment, filed December 5, 2011, in light of Woods v. Carey, __F.3d __, 2012 WL 2626912,*1, *5 (9th Cir. July 6, 2012 ), citing Rand v. Rowland, 154 F.3d 952, (9th Cir. 1998) (en banc); see also Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

       The Ninth Circuit requires that all prisoners proceeding pro se must be provided contemporaneous notice of certain requirements for opposing a motion for summary judgment.

////

1

Woods, 2012 WL 2626912, at *5.  The district court may provide such notice if defendants fail to do so.  Id.  When provided by defendant, the notification must be set forth in "a separate document, served with the moving papers, and state[] that the court has required that it be given."  Rand, 154 F.3d at 960; Woods, 2012 WL 2626912 at *4.  These requirements apply to both "pending and future cases."  Woods at *6.

Therefore, the July 11, 2012 findings and recommendations are vacated, and defendants' motion for summary judgment is denied without prejudice to its re-filing, so long as the renewed motion is accompanied by the notice required by Woods, as set forth below.

Once the motion is re-filed, the parties are cautioned that this court is not inclined to entertain requests for extensions of time.

Accordingly, IT IS HEREBY ORDERED that:

1. The July 11, 2012 findings and recommendations (dkt. no. 60) are vacated;

2. Defendants' December 5, 2011 motion for summary judgment (dkt. no. 52) is denied without prejudice; and

3. Within thirty days from the date of this order, defendants shall file and re-serve the motion for summary judgment, accompanied by the attached notice to plaintiff under Rand.  Pursuant to Local Rule 230(l), plaintiff shall file his opposition within twenty-one days from the date defendants re-file their motion.  Any reply shall be filed fourteen days thereafter.

DATED: October 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bake1811.vac

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a

1  waiver of your opposition.  See L.R. 230(l).
2       If the court grants the defendant's motion, whether opposed or unopposed, judgment will
3  be entered for that defendant without a trial and the case will be closed as to that defendant.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26