IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

      Plaintiff,                     No. 2:10-cv-1811 KJM KJN P

    vs.

SOLANO COUNTY, et al.,

      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On October 11, 2012, defendants filed a motion for summary judgment, and provided plaintiff with a separate notice of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc). (Dkt. No. 64-1.)

        Plaintiff did not file an opposition. On November 16, 2012, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion would be deemed as consent to have the: (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order. Plaintiff was

1

1  also informed that failure to file an opposition would result in a recommendation that this action
2  be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Plaintiff did not
3  file an opposition or otherwise respond to the November 16, 2012 order.  On December 10, 2012,
4  defendants' counsel filed a declaration noting plaintiff's failure to file a timely opposition.
5         "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
6  an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,
7  1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a
8  court order the district court must weigh five factors including:  '(1) the public's interest in
9  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
10  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
11  and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting
12  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
13  F.3d 52, 53 (9th Cir. 1995).
14         In determining to recommend that this action be dismissed, the court has
15  considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly
16  support dismissal of this action.  The action has been pending for two years and five months, and
17  has reached the stage, set by the court's February 11, 2011 scheduling order, for resolution of
18  dispositive motions and, if necessary, preparation for pretrial conference and jury trial.  (Dkt. No.
19  20.)  Plaintiff's failure to comply with the Local Rules and the court's November 16, 2012 order
20  suggests that he has abandoned this action, and that further time spent by the court thereon will
21  consume scarce judicial resources in addressing litigation which plaintiff demonstrates no
22  intention to pursue.
23         Under the circumstances of this case, the third factor, prejudice to defendants
24  from plaintiff's failure to oppose the motion, also favors dismissal.  Defendants' renewed motion
25  for summary judgment has been pending for over two months.  However, defendants' prior
26  motion for summary judgment was filed on December 5, 2011, over one year ago.  Plaintiff's

1  failure to oppose the motion prevents defendants from addressing plaintiff's substantive
2  opposition, and would delay resolution of this action, thereby causing defendants to incur
3  additional time and expense.
4        The fifth factor also favors dismissal. The court has advised plaintiff of the
5  requirements under the Local Rules and granted ample additional time to oppose the pending
6  motion, all to no avail. The court finds no suitable alternative to dismissal of this action.
7        The fourth factor, public policy favoring disposition of cases on their merits,
8  weighs against dismissal of this action as a sanction. However, for the reasons set forth *supra*,
9  the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of
10  this case, those factors outweigh the general public policy favoring disposition of cases on their
11  merits. See Ferdik, 963 F.2d at 1263.
12        For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
13  dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).
14        These findings and recommendations are submitted to the United States District
15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
16  days after being served with these findings and recommendations, any party may file written
17  objections with the court and serve a copy on all parties. Such a document should be captioned
18  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
19  objections shall be filed and served within fourteen days after service of the objections. The
20  parties are advised that failure to file objections within the specified time may waive the right to
21  appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22  DATED: December 17, 2012
23
24                                    KENDALL J. NEWMAN
25                                    UNITED STATES MAGISTRATE JUDGE
26  /bake1811.46fr2